UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHRISTOPHER ANTON JOHNSON, )
)
    *Petitioner,* )
v. ) No.   1:07-cv-60
) *Chief Judge Curtis L. Collier*
STATE OF TENNESSEE, )
)
    *Respondent.* )

## **MEMORANDUM**

This is a petition for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by Christopher Anton Johnson ("Petitioner") (Court File No. 1). Petitioner is incarcerated at CCA Silverdale in Chattanooga, Tennessee. Petitioner has paid the $5.00 filing fee.

Petitioner was convicted in Hamilton County General Sessions Court in Chattanooga, Tennessee for one count of simple possession of marijuana on March 23, 2006, and received a sentence of eleven months and twenty-nine days probation. Petitioner's probation was subsequently revoked on January 12, 2007. Petitioner is challenging the revocation of his probation. However, petitioner has failed to demonstrate he has exhausted his state remedies.

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). The federal habeas statute states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

  (A) the applicant has exhausted the remedies available in the courts of the State; or

  (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

  The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45. A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petitioner must demonstrate that he fairly presented the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Clinkscale v. Carter*, 375 F.3d 430, 437(6th Cir. 2004), *cert. denied,* 543 U.S. 1177 (2005). To demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been fairly presented to the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

  In the instant case, petitioner has not demonstrated such compliance with the exhaustion requirement. Petitioner states he filed an appeal in the Hamilton County Criminal Court on January 17, 2007, challenging the General Session Court's decision revoking his probation. Petitioner further claims that, although he has received a certified receipt that the appeal was served, the state court, the clerks, and Judge Stern deny they received the appeal. Petitioner has not submitted a copy of his appeal, the certified receipt, or the alleged responses of the state court, clerks, or Judge Stern to this Court. In addition, petitioner also claims to have filed a writ of mandamus in the state

appellate court on January 29, 2007. As of February 27, 2007, he had not received a response. Petitioner's petition does not show that he has exhausted his state remedies. Indeed, since the judgment of conviction he challenges in this habeas petition was entered January 12, 2007, and he filed this petition on February 27, 2007, it would be a near impossibility for the state courts to resolved his appeal or writ of mandamus, or for him to have exhausted his state remedies. Under these circumstances, this Court concludes that petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Petitioner has not fulfilled his burden as he has neither demonstrated that he has exhausted his state remedies nor that he meets one of the identified criteria in 28 U.S.C. § 2254(b) to excuse such a showing. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("It is the petitioner's burden to prove exhaustion"). Accordingly, petitioner's § 2254 petition will be **DISMISSED WITHOUT PREJUDICE** to permit him to exhaust his state remedies. In addition, petitioner's motion to expedite the proceeding is **DENIED as MOOT** (Court File No. 2).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**